## W. I. Kanaman v. W. McK. Hubbard et al.

### No. 2669. Decided May 19, 1920.

### (222 S. W., 151.)

**1.—Attachment—Injury in Sheriff's Custody.**

Plaintiff in attachment is not liable to defendant for injury to the attached property by the sheriff having its custody. The latter does not hold it as agent of the plaintiff and is no more under his direction in the matter of keeping it than under that of defendant. (Pp. 562, 563).

**2.—Same—To Whom Liable.**

The levy of an attachment does not operate as a satisfaction of plaintiff's debt to the extent of the value of the property; it merely creates a lien till foreclosure and sale. Where by fault of the sheriff the property is so damaged as to bring less on sale, the sheriff is liable to both for such damage, —to plaintiff to be applied on his claim till the debt is discharged, and then to defendant. (Pp. 562, 563).

**3.—Sale—Fraud—Pecuniary Injury—Rescission.**

Evidence here considered is held to support a finding that a sale obtained by fraud of the vendor occasioned such pecuniary injury to the purchaser as to support his right to rescission and recovery of the consideration paid, if proof of such injury should be held to be necessary for that relief, which is not decided. (P. 563).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Hubbard & Martin, dealers in automobiles, sued Kanaman, state agent for a certain make of car, to rescind a contract for the sale of an automobile to them and recover back the price paid, alleging that he had led them to purchase and pay for it by the fraudulent device of having a fictitious purchaser offer to buy it from them at once at a profit. The machine which plaintiff's had caused the sheriff to seize under writ of attachment, was put to use by him and so depreciated thereby as to bring a greatly reduced price on sale under foreclosure of the attachment lien, and both plaintiff and defendant sought recovery from him and his bondsmen therefor. Plaintiffs had judgment against defendant for rescission and recovery of the price paid, and against the sheriff and his bondsmen for injury to the car. This was to be applied, when collected, on the judgment against defendant; and if defendant paid that judgment in full he was to be subrogated to plaintiff's judgment against the sheriff and his bondsmen. On appeal by defendant the judgment as between him and plaintiffs was affirmed; but as between him and the sheriff and his bondsmen it was reversed and remanded because of the inadequacy of the damages awarded against the latter. 160 S. W., 304. On the affirmed judgment in favor of Hubbard & Martin, Kanaman then obtained writ of error.

*Robert B. Allen* and *A. B. Flanary,* for plaintiff in error.—There being no relationship of trust between the plaintiffs and the defend-ant, and there being no misrepresentations as to the quality or value of the article sold to plaintiffs, and since the facts set up show only an artifice to induce a purchase, they show only a transaction of impropriety and not one of fraud in law. Saufley v. Jackson, 16 Texas, 579.

Rescission will not be granted unless it be shown that substantial pecuniary injury would otherwise be sustained by the buyer. Moore v. Cross, 87 Texas, 557; Blair v. Baird, 101 Texas, 629.

Where personal property is levied upon of sufficient value to discharge the debt of plaintiffs sued for and there is waste or loss by the negligence of the officer, the burden is upon the defendant in the writ to show such waste or loss, but the amount thereof when ascertained will be applied towards the satisfaction of any judgment that may be obtained by the plaintiffs, and the plaintiffs are responsible to the defendant for the amount of the waste or loss sustained by such property levied upon at their instance. Heilbroner v. Douglass, 45 Texas, 406; Farrar v. Talley, 68 Texas, 352; Taylor v. Felder, 23 S. W., 480; Bryan v. Bridge, 10 Texas, 149; Maxwell v. Stewart, 22 Wall., 77; 4 Cyc., 573.

*K. R. Craig,* for defendants in error.—The right of a defrauded party to rescind a contract which he has been induced to enter into by the fraud or deceit of another is not dependent upon the existence of fiduciary or confidential relations between them at the time. The right of a party defrauded to rescind is not dependent upon whether the contract was a good or bad one. If appellees were induced by the fraudulent scheme and device of appellant to purchase the car, which they would not otherwise have purchased, as alleged in their petition, the truth of which allegations is admitted by the demurrer, then they had the right upon the discovery of the fraud to rescind the sale, return the property and demand the return of the purchase money. Blythe v. Speake, 23 Texas, 429, 430; Mitchell v. Zimmerman, 4 Texas, 75; Mills v. Johnson, 3 Tex. Civ. App., 359; Brantley v. Thomas, 22 Texas, 270; Aultman v. Hefner, 67 Texas, 54; Scalf v. Tompkins, 61 Texas, 476; Routh v. Caron, 64 Texas, 289; History Co. v. Flint, 4 App. Civ. Cases, sec. 224, 15 S. W., 912, and more than thirty other Texas cases collated in 8 Michie's Dig. Tex. Cases, pp. 399. 400; 24 Am. & Eng. Ency. L. (2d Ed.), 643; 14 Am. & Eng. Ency. L. (2d Ed.), 158, and cases cited.

By the levy of the writ rightfully and legally sued out the plaintiff in attachment acquires a lien on the property to secure the payment of whatever judgment he may recover in the suit. The judgment when recovered forecloses the lien and orders the property sold. The defendant in attachment is entitled to a credit on the judgment to the extent of the proceeds of the property under foreclosure sale. If the proper-

ty should be damaged by the misconduct of the officer in possession without the participation, consent or fault of plaintiff, the plaintiff is not, but the officer is, liable on his bond for damages. Which damages when ascertained and recovered take the place *pro tanto* of the attached property and should be paid on the judgment. Plaintiff in attachment not liable for loss through fault of the sheriff unless attachment wrongfully sued out: McFaddin v. Sims, 97 S. W., 337. Liability of the sheriff for failure to hold and care for property; American Annotated Cases, 1912, A. 1114-1116. Plaintiff in attachment, originally lawful, may become liable by abuse of the writ, or the advantage gained thereby: Frank v. Tatum, 26 S. W., 900. Or by consenting to a delivery of it to some other person so that it is lost to the defendant: Heilbroner v. Douglass, 45 Texas, 402. And is liable in any event for all damages where the attachment is wrongful: Farrar v. Tally, 68 Texas, 550, and authorities generally on damages for wrongful attachment.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The writ of error was granted because of the conflict between the decision of the Galveston Court of Civil Appeals in the case of Taylor v. Felder, 23 S. W., 483, with the decision herein of the Dallas Court of Civil Appeals.

In the former case it was held to be the duty of a plaintiff, causing a distress warrant to be levied on personal property, to see that the property seized was properly treated by the officer and applied to the discharge of the debt sued on, and that hence the defendant whose property was seized could have his debt to the plaintiff credited with any loss incurred through the default or negligence of the officer in the execution of the distress warrant.

In this case it was decided that the plaintiffs in attachment were not liable to the defendant for damages to an automobile of the defendant, occasioned by the wrongful acts of the sheriff, while he held the automobile under the attachment. 160 S. W., 307. The holding herein was in accordance with the conclusion of the Galveston Court of Civil Appeals in a later case than Taylor v. Felder, to the effect that where a horse died, while in the possession of a sheriff under a writ of attachment, not wrongfully issued, as the result of negligence on the part of the sheriff, there was no liability on the part of the plaintiff in attachment to the defendant in attachment. McFadden v. Sims, 43 Texas Civ. App., 98, 97 S. W., 337.

The liability of an attaching plaintiff for a sheriff's tort to property held under attachment, rightfully issued, must rest on the assumption either that the sheriff in proceeding under the writ acts as the agent or servant of the plaintiff or that the levy operates as a satisfaction of the plaintiff's debt to the extent of the value of the seized property.

Our statutes negative either assumption. The sheriff derives his power to seize and hold the attached property not from the plaintiff nor from the defendant but from the statutes, which declare the will of the State. The sheriff is no more subject to direction or control from the plaintiff than from the defendant as to the manner in which he keeps personal property, under levy of a writ of attachment, until final judgment. Arts. 252, 255, 256, R. S. The effect of the levy is to create a lien on the attached property but there is no satisfaction of the plaintiff's debt until the property is sold under the judgment foreclosing the lien. Arts. 257, 268, R. S.; Cravens v. Wilson, 48 Texas, 339.

This case discloses a tort committed by the sheriff when he was under a duty to both the plaintiffs and defendant in the attachment suit. The tort resulted in injury to both the plaintiffs and the defendant but the tort was a breach of a duty owing by the sheriff and not by the plaintiff in attachment. He, who owed the duty, and his sureties, who were responsible for its faithful performance, must be held accountable for the breach of the duty, and not another who was a stranger to the duty.

The plaintiffs in attachment, according to the facts in this record, have done nothing save to enforce a righteous demand conformably to law. The tort of the sheriff has not relieved the defendant in attachment of his obligation to satisfy the demand to secure which the attachment was issued. Should the defendant satisfy the plaintiffs' demand, he will then be alone entitled to enforce and collect the liability of the sheriff and his sureties. Otherwise, any recovery for the sheriff's tort will be applicable first to the payment of the plaintiffs' debt.

In the face of plaintiff in error's resistance to the return of the sum received for the car, when it was tendered back to him, and of the deceit which appears to have been necessary to negotiate a sale at that price, we do not think the conclusion of the Court of Civil Appeals should be disturbed that some pecuniary injury from the fraud was shown to have been sustained by defendants in error. It is therefore unnecessary for us to determine whether a court of equity would not order a rescission for fraud in the absence of a showing of actual pecuniary loss. For, were the necessity recognized for the showing of such loss to warrant the relief of rescission in equity certainly any appreciable prejudice, though slight in amount, would be sufficient. 12 R. C. L., sec. 139; Pomeroy on Contracts, sec. 227.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*