## COOK v. YANDELL REALTY CO.
### (No. 1693.)

(Court of Civil Appeals of Texas. El Paso.
June 18, 1925. Rehearing Denied
Oct. 5, 1925.)

**1. Landlord and tenant ☞262(5)—Refusal to dismiss case on ground that priority of liens was not raised held proper.**

In statutory action to determine title and right to possession of property attached and sold separately for landlord's lien and mechanic's lien, refusal by court to dismiss case on ground that questions of priority of liens cannot be considered where plaintiff showed neither title nor right to possession was proper, where defendant made no effort to have case dismissed on such ground nor offered to return property, and where liens were only incidental in determining the issues tendered.

**2. Parties ☞84(4)—Claim by defendant that he should have been made party in a foreclosure suit must be taken by plea in abatement, not by demurrer.**

In statutory action to determine title to property claimed by landlord on foreclosure of lien, a claim by defendant that he should have have been made a party in the foreclosure suit should have been taken by plea in abatement setting up facts, and not by demurrer.

**3. Judgment ☞710—Lien claimant not made party to landlord's foreclosure suit not bound by judgment, and may show superior claim.**

A lien claimant of property subject to landlord's lien, if not made a party to landlord's foreclosure suit, is not bound by the judgment, and may show a superior outstanding claim to property.

**4. Landlord and tenant ☞269(1)—Property sold by sheriff on foreclosure of mechanic's lien no longer in custodia legis and subject to distraint by landlord.**

Where facts showed property to have been sold under a mechanics' lien foreclosure suit by sheriff, it was no longer in custodia legis, and was subject to distraint by landlord under his preference lien.

**5. Appeal and error ☞173(2)—Claim that landlord's foreclosure suit was invalid as property was not in possession of officer at time of sale held not raised.**

In statutory action to determine title to property by landlord claiming under foreclosure sale, a claim that such sale was invalid because property was not in possession of sheriff at time of sale so as to exhibit and deliver it is not raised, where no such issue was tendered and no effort made to correct sheriff's return and evidence in record does not show that property was not present at sale.

**6. Landlord and tenant. ☞254(4)—Where property of tenant was removed and held by officer more than one month prior to distraint, landlord did not lose lien rights under statute.**

Where property of tenant was removed under attachment and held by officer more than

one month prior to distress by landlord, the landlord did not lose his lien by not exercising it within one month after removal of tenant's property from premises, under Rev. St. arts. 5490, 5491, since landlord could not have distrained property while officer held it under attachment, and such removal was with constructive notice of and subject to the landlord's lien.

**7. Landlord and tenant ☞262(6)—Defendant's failure to establish mechanic's lien to property warranted judgment for plaintiff.**

In action involving title to property between landlord, claiming under foreclosure of his lien, and defendant, claiming under foreclosure of mechanic's lien, on finding that defendant had not established a mechanic's lien to the property, it was not error to grant judgment for plaintiff.

**8. Master and servant ☞82(5)—Account held not to establish mechanic's lien.**

An account filed by a mechanic of an automobile shop claiming lien on articles used and repaired did not establish a mechanic's lien under Rev. St. art. 5621, and Const. art. 16, § 37, granting a mechanic's lien for value of labor on articles made or repaired, where it did not comply with Rev. St. arts. 5622, 5624, in failing to state date and value of labor done on items of property on which lien is claimed, but showed many items on which no labor had been performed.

**9. Master and servant ☞82(5)—Account held not sufficient to establish mechanic's lien.**

Under Rev. St. arts. 5622, 5624, regulating filing of an account to fix a mechanic's lien, an account showing sum due for labor performed from July 1st to November 13th is not sufficient, as it cannot be supposed that the labor was such as might have been done on any one or particular day or days.

**10. Master and servant ☞82(5)—Not necessary to record mechanic's lien as against debtor.**

No record of an account is required to make effective a mechanic's lien as against debtor, since Rev. St. art. 5622, providing for recording of claims, is intended only to protect mechanics against subsequent lienholders in good faith without notice.

**11. Mechanics' liens ☞198—Landlord's lien has preference over mechanic's lien, where mechanic's lien not filed in time to give notice to landlord.**

Where a mechanic's lien and landlord's lien were contemporaneous in time, and mechanic's lien was not filed within time to give notice to other lienholders, the landlord's lien had a preference over mechanic's lien.

Error from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the Yandell Realty Company against G. L. Cook. Judgment for plaintiff, and defendant brings error. Affirmed.

Brothers & Radney, of El Paso, for plaintiff in error.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. F. Burges, of El Paso, for defendant in error.

WALTHALL, J. This case presents an appeal from the judgment of the district court in the statutory action of trial of the right of property. The case was tried without a jury. After issues joined and evidence heard, the trial court filed findings of fact, and, there being no objections as to the sufficiency of the evidence to sustain the findings, we will assume the existence of the facts as found.

The facts abbreviated are substantially as follows: G. L. Cook, plaintiff in error, since December 20, 1917, had been employed by the El Paso Overland Company as a mechanic and head of its shop at a monthly salary of $200. At the end of his employment on November 13, 1922, the company owed him for wages the sum of $800 for part of July, the months of August, September, October and part of November, 1922. His duties were "to examine and repair automobiles, and direct the work of other shopmen, and to bring in automobiles when necessary." In the course of his employment, "he used the following list of goods," the items stated and their several values; he "did not use" other items and their values stated. On December 20, 1922, Cook filed in the office of the county clerk of El Paso county an account against the company (his employer), made affidavit to its correctness, and delivered a copy thereof to his employer company. On the 21st day of December, 1922, Cook filed suit against the El Paso Overland Company for his debt, for foreclosure of the statutory mechanic's lien, sued out an attachment, and had the attachment levied upon the items of property above referred to and taken from the store building of its employer into the possession of the sheriff, and removed from the premises of the El Paso Overland Company, and on the 20th day of February, 1923, recovered a judgment against the El Paso Overland Company for his debt, interest, and costs of suit, with foreclosure of mechanic's and attachment liens upon all the above items of the property, and an order of sale of said property.

On March 1, 1923, the order of sale was issued, and the property sold thereunder on March 12, 1923, at which sale Cook became the purchaser. The Yandell Realty Company was not a party to the suit of Cook against the El Paso Overland Company but at and prior to the sale of the property as above it gave notice of its claim on said property as hereinafter stated.

In the spring of 1917, the Yandell Realty Company, a corporation, leased to the El Paso Overland Company the building it thereafter used and occupied, and in which building it conducted its business, for a period of five years next thereafter, and, at its expiration held over until March 10, 1923, the rent agreed to be paid from the termination of the lease to March 10, 1923, being $250 per month. No writing is shown evidencing the lease and rental agreement. The rent for the building was in arrears $1,000 or more at all times after June, 1922. The Yandell Realty Company filed suit against the El Paso Overland Company for rents due, and on March 10, 1923, recovered judgment in the sum of $2,325, with interest and costs and a foreclosure of its landlord's lien on all of said items of personal property belonging to the tenant and used in and about the rented building and an order of sale. The order of sale was issued and levied upon said property, and on the 28th day of March, 1923, said property was sold, and the Yandell Realty Company became the purchaser.

On the issuance of the order of sale and the levy upon said property under said order in the suit of the Yandell Realty Company against the El Paso Overland Company, Cook filed his claimant's oath and bond and took over said property. Cook was not a party to the suit of Yandell Realty Company against the El Paso Overland Company.

The issues tendered on the trial on the part of the Yandell Realty Company and Cook are substantially indicated by the above statement, but briefly summarized, they are as follows: On the part of the Yandell Realty Company it is alleged that it was the landlord, and the El Paso Overland Company was its tenant, as to the building; that its tenant was indebted to it for the rents which were long past due; its suit and judgment foreclosing its landlord's lien on the said property of the tenant with order of sale, the sale of said property, and its purchase by the Yandell Realty Company, and that by reason of the facts stated the Yandell Realty Company asserted its ownership and right of possession to all of said property.

Cook answered by several exceptions; alleged the removal of the property from the premises of the Yandell Realty Company more than 30 days prior to the time when the Yandell Realty Company by its suit asserted its landlord's lien; that "in the statutory furtherance and enforcement of his constitutional mechanic's lien," he alleged the filing of his verified account as above stated, "and an itemized list of the articles and things on which he was constitutionally given a lien," the filing of his suit for his debt, and the foreclosure of his "mechanic's lien," the issue, levy, and removal thereunder of the writ of attachment of the property itemized, his judgment for his debt and foreclosure of his mechanic's and attachment liens and order of sale, and sale thereunder, and his purchase at the foreclosure sale. By reason of the facts pleaded Cook asserted ownership of all of said items of property.

The court, after the evidence heard, and after reciting certain findings in the judg-

ment which need not be here repeated, but having reference to the original proceedings in the suit of the parties as above stated and the filing of Cook's claimant's oath and bond, and that Cook had failed to establish his right to the property described, and that the landlord's lien asserted by the Yandell Realty Company had been legally foreclosed by its judgment, but had not been satisfied, and that there was due the Yandell Realty Company on its judgment more than $500, rendered judgment in favor of the Yandell Realty Company and against Cook and his sureties on his claimant's bond in the sum of $500, together with 10 per cent. damages on the assessed value of same, to wit, the sum of $50, and interest on the $500 from the 12th day of March, 1924, and all costs of suit. Cook excepted to the judgment, and gave notice of appeal, and has filed his supersedeas bond on his appeal by writ of error.

### Opinion.

Under assignments first, second, and fifth, defendant in error presents the proposition that the question of the priority or the superiority of liens cannot be determined in this suit in which "claimant shows that he has neither title nor possession" of the property, and the suit should have been dismissed. The proposition involves a consideration of many facts, the whole case on the part of defendant in error.

[1] The questions presented are confused by the several actions taken. Plaintiff in error primarily asserted a mechanic's lien on the property involved and undertook to have his mechanic's lien foreclosed, and in his suit against the El Paso Overland Company also had an attachment issued and levied upon the property and the property removed from the premises of the landlord, defendant in error. He prosecuted his suit to final judgment, resulting in a judgment in his favor for his debt with foreclosure of his liens, mechanic's and attachment, and at the sale thereunder he became the purchaser of all the property. As seen in the foregoing statement defendant in error also filed a suit for its debt for rent against the El Paso Overland Company, the common debtor of each, and therein asserted its landlord's lien against the same property, the tenant then occupying the rented premises, and prosecuted its suit to final judgment with foreclosure of its landlord's lien, and at foreclosure sale it also became the purchaser of all of the property. On March 12, 1923, plaintiff in error, in his claimant's oath reciting that the sheriff has seized and taken the said property under an order of sale in the suit of defendant in error against the El Paso Overland Company, and that the value of the property had been assessed by the officer at $500, and that his claim was made in good faith, executed his claimant's bond in the terms of

the law and took said property. Under direction of the trial court the issues as above were made up and the trial had, each party asserting ownership and right of possession to said property. While it is true that the trial court determined the issues of ownership and right of possession by considering the priority of the liens which formed the basis upon which ownership and the right of possession rested in each instance, the liens were only incidental in determining the issues tendered.

So far as the record shows plaintiff in error made no effort to have the case dismissed on the ground of the improper issues, nor did he offer to return or restore the property thus taken under its claimant's oath and bond, and we think the court was not in error in not dismissing the case.

[2, 3] The proposition under the third assignment is to the effect that persons holding liens on property subject to the landlord's lien are necessary parties to the landlord's foreclosure suit. The proposition is not well taken. If it were true as a matter of law that plaintiff in error was a necessary party to the suit to foreclose the landlord's lien, the issue should have been presented by a plea in abatement setting up the facts when the issues were tendered, as the facts do not sufficiently appear to make the proposition tenable under a demurrer as was sought to be done. We cannot, nor could the trial court, presume that the petition in the original suit would show the plaintiff a necessary party. The issues tendered by defendant in error do not show such priority of estate or contract as to make plaintiff in error a necessary party. The result of the failure to make plaintiff in error a party to the foreclosure suit is that he is not bound by the judgment, and may show a superior outstanding claim to the property. McCollom v. Wood (Tex. Civ. App.) 33 S. W. 1087, and cases there cited.

[4] The property had been removed from the storehouse of the El Paso Overland Company under the writ of attachment when levied upon under the order of sale of defendant in error, and plaintiff in error makes the proposition that the property being in custodia legis was not subject to distraint.

The facts are confusing under this proposition. In its ninth and tenth findings the trial court found that on the 1st day of March, 1923, the order of sale under the judgment of plaintiff in error was issued and levied upon the property, and that, on the 12th day of March, 1923, the sheriff sold all of the property under the order of sale to G. L. Cook. We note, also, that in plaintiff in error's brief, in his remarks and proposition under the fourth and eleventh assignments, it is stated that on the sale of the property same was delivered to him at the time of the sale, and that he retained possession of it.

If the order of sale had been executed by a sale of the property to plaintiff in error, it would seem that the property was no longer in the custody of the officer under that writ and would be subject to the enforcement of the landlord's lien if the landlord's preference lien continued in force, and a third party's interest had not intervened. Plaintiff in error claims a completed sale under the order of sale, and asserts title as purchaser under the sale. We cannot say under the facts that the property was not subject to levy to satisfy defendant in error's judgment for rent. Meyer, Weis & Co. v. Oliver & Griggs, 61 Tex. 584.

[5, 6] Under assignments 4 and 11 it is claimed that, the property not being in the possession of the officer at the time of the sale so as to exhibit and deliver same, the sale would be invalid. The question presented was not made an issue on the trial, nor did the issues tendered by defendant in error show that the property when sold by the sheriff under the order of sale was not in the possession of the officer so as to exhibit and deliver same to the purchaser. The sheriff's return on the order of sale under which the sale was made recites that the property was present and subject to the view of all persons attending the sale. The record does not show that any effort was made to correct the return of the officer if it was not a correct return. The issue we think, under the facts disclosed by the record, raised on the trial by a demurrer, as was attempted, but if it was a proper issue at all, which we doubt, it could have been brought to the attention of the trial court by an issue submitted, an effort to correct the return and show the facts as they really were, or by a plea in abatement. The evidence in the record does not show that the property was not present at the sale. It is insisted that the landlord loses his lien on personal property after its removal from the rented premises for 30 days.

The record shows that the tenant remained in the rented storehouse until the 12th day of March, 1923, when the landlord brought his suit and secured his judgment foreclosing his landlord's lien, but the personal property on which the foreclosure was sought had been seized under attachment in the suit of plaintiff in error and removed from the rented premises and retained by the officer in his custody for more than one month prior to and until the levy and sale of the property under the plaintiff in error's order of sale.

Article 5490, R. S., provides that all persons leasing or renting a storehouse, as here, shall have a preference lien upon all the property of the tenant in such storehouse, for the payment of the rents due and that may become due. Such lien shall continue and be in force so long as the tenant shall occupy the rented premises and for one month thereafter. Article 5491, R. S., provides for the issuance of a distress warrant when any rent shall become due, or the tenant is about to remove from such leased or rented building, or remove his property therefrom; the landlord may then have his distress warrant. But the landlord could not have distrained the property while the officer held it under the attachment. Where the landlord cannot exercise his right of seizure by reason of the act of the law, he does not lose his lien or his right to enforce it by not exercising it within the specified time required after the property is removed from the premises. We have not found a Texas case ruling the question presented, but see Ruling Case Law, vol. 16, p. 922; Holdane v. Sumner, 15 Wall. 600, 21 L. Ed. 255; Lontos v. Coppard, 246 F. 803, 159 C. C. A. 105.

Where plaintiff in error had taken the property under his attachment from the rented premises he takes it with constructive notice of and subject to the landlord's lien. Lehman v. Stone (Tex. App.) 16 S. W. 784.

[7] We come now to what seems to be the crucial point in the case. The assignment recites that the court erred in holding that the landlord's lien, if any he had, was superior to that of the plaintiff in error. The proposition thereunder asserts: "A mechanic's lien is superior to that of the landlord's and takes precedence thereover." Plaintiff in error, in the proposition, assumes that he has a mechanic's lien on the property involved. The trial court, as stated in the judgment, found that plaintiff in error had failed to establish his right to the property, and in one of the conclusions states that no part of the claim of plaintiff in error was secured by a mechanic's lien.

If plaintiff in error had no mechanic's lien on the property involved, there could be no error in holding that defendant in error was entitled to judgment on the trial.

[8] The evidence is too extensive to state it in full. A few statements from the testimony of plaintiff in error will serve to show the use he made of the property involved. He said, in effect, that the property had been in the storehouse about six years when he levied on it by his attachment. It was the property of the El Paso Overland Company. He was hired as a mechanic by the El Paso Overland Company, and had served as such since December, 1917. Toward the end of his service he had done all the work in the shop until he left on account of his wages. The work he did was mechanical work on automobiles, repairing; did machinist's work, practically all on the lathe, all the machinist's work and the automobile work, repairing cars and assembling new cars. "My trade is automobile mechanic. Used the two Duples chain hoists in loading automobiles and raising automobiles for taking out axles and things like that. Didn't make repairs on

them. Greased and oiled them up once in a while; used the 'Weaver toe end dolly' for towing in crippled automobiles." The Weaver New Way jack was used to raise automobiles from the floor to work or change any part of the wheel, or anything of the kind. The 3-wheel jack was used for the same kind of work. The South Bend lathe was used in a mechanical line; used it in his work throughout the shop. Installed the 3 horse power Westinghouse motor and put it where it belonged to operate the machinery; never made any repairs on the motor, installed it; the one quarter ton chain block was used for unloading cars, the same as the other two chain blocks; the electric drill and stand was used for drilling holes through frames of automobiles and different places in a mechanical line of work; the top and die set was used for tapping holes and threading bolts. Installed the air compressor and tank and moved it from one part of the shop to the other, used every day in taking care of tires. One desk was used in the shop, one in the sales office, and the other in the main office. Did some of his work in the salesman's office on the salesroom floor. Did no work on the desk; made repairs on the Maxwell touring car; did work several times on the Overland automobile, during four years. Did no work on the electric heaters, they were used in the salesroom for heating the building. Did not use or repair the Herring Hall safe; made repairs on the Republic truck and dismantled most of the old cars they call junk; used the 14 expansion reamers, used for bushings. The Hobart Bros. generator was used in charging batteries. There are other items appellee used in his work. There are but few items in the list of items of property taken from the building under the attachment and involved here upon which plaintiff in error did any repair work, and the date or the value of repair work on none of the items is stated, only the values of the items of property is given, the values of the items of property aggregating some $305.

When plaintiff went to work he was paid by the week, and at times by the month. All during the time plaintiff in error was employed as mechanic by the El Paso Overland Company, that company was at all times occupying the building of defendant in error as tenant. We understand the lien, whether constitutional or statutory, contended for by plaintiff in error is for labor furnished upon "articles made or repaired" on personal property as distinguished from a building.

Section 37, of article 16 of our state Constitution, provides that mechanics shall have a lien upon articles made or repaired by them for the value of their labor done thereon, and the Legislature shall provide by law for the speedy and efficient enforcement of said liens.

The Legislature, by article 5621, R. S., pro-

vides that any mechanic who may labor or furnish material, upon complying with the provisions of the chapter shall have a lien, and, for the purpose of the question only let us say, that by reason of the constitutional lien, and by reason of the statute the lien extended to all articles of personal property in the building made or repaired by plaintiff in error. But such lien extended only to articles made or repaired by plaintiff in error, and not to articles only used by him in the work of making repairs, and the extent of the lien would be for the value of the labor done on the article made or repaired. In order to make the lien effective in this instance as affecting defendant in error, plaintiff in error must have complied with the statute in filing the account required. An inspection of the account filed, as disclosed by the record, does not comply with the statutes (articles 5622 and 5624, R. S.), in that the amount stated as due is a lump sum, and does not state the date nor the value of the labor done in connection with any one of the items of personal property upon which the lien is claimed, nor the items of property on which the labor was performed, but the account filed shows many items of property upon which plaintiff in error performed no labor.

[9] The account filed shows that the sum is due for labor done and services performed from July 1, 1922, to November 13, 1922, and the sworn account shows to have been filed the 19th day of December, 1922. It could hardly be held that the labor done in repairing was such as might have been done on any one or particular day or days, so as to come within the terms of an itemized account or bill of particulars under the statute. Meyers v. Wood, 95 Tex. 67, 65 S. W. 174.

[10] The trial court in conclusion of law No. 7 says that no part of the claim of plaintiff in error "became secured by a mechanic's lien, because the same was not filed within the 30 days after the accrual of any portion of the same." The court's conclusion is sustained by the evidence only as affecting the claim of defendant in error; that is, no record within the four months or any other time is required to make effective the lien as between the El Paso Overland Company and plaintiff in error. The statute providing for the record of the claim was intended to protect the mechanic against subsequent lienholders in good faith without notice. See F. & M. Nat. Bank v. Taylor, 91 Tex. 78, 40 S. W. 876, 966.

[11] The facts show that the mechanic's lien and the landlord's lien were contemporaneous in point of time; but the facts show the claim for the mechanic's lien was not filed within the time required to give the notice to other lienholders. It has been held in this state that a landlord is a creditor of the tenant, and when property is placed in his building by the tenant prior to the time of record-

ing a chattel mortgage thereon, the landlord's lien has preference. Furniture Co. v. Hotel Co., 81 Tex. 135, 16 S. W. 807; Low v. Troy Laundry Co. (Tex. Civ. App.) 160 S. W. 136.

Finding no reversible error, the case is affirmed.