## GRAY et al. v. McFADDIN et al. (No. 1707.)

Court of Civil Appeals of Texas. Beaumont. July 2, 1928.

Rehearing Denied July 11, 1928.

Chattel mortgages ⬳138(3)—Chattel mortgage on barber fixtures held superior to landlord's lien, where mortgage was recorded before beginning of second year of lease, first year having been paid; "current contract year" (Rev. St. 1925, art. 5238).

Where buyer of barber shop gave seller chattel mortgage on fixtures and furniture which was recorded on May 14, 1924, and then leased premises from landlord under lease which, according to its terms, began February 1, 1924, and paid rent for thirteen months, and then stopped paying, held that chattel mortgage lien was superior to landlord's lien on property of tenant provided by Rev. St. 1925, art. 5238, for rent due for "current year contract"; term "current contract year" embracing period of twelve months, reckoning from beginning of lease, whether same be in first or any other year of such lease.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Current Year.]

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by R. McFaddin against M. A. Gray and others. From a judgment for the plaintiff, defendants Gus Jacobs, Jacob Jacobs, Morris L. Jacobs, and Max Lipoff appeal. Affirmed.

Rose & Johnson, of Port Arthur, for appellants.

Fred A. White and Alfred Duperier, both of Beaumont, for appellees.

O'QUINN, J. Appellee sued M. A. Gray to recover judgment for a balance due on a note for $1,500 and to foreclose a chattel mortgage lien on the furniture and fixtures of a certain barber shop sold by appellee to Gray, and upon which the mortgage was given to secure the payment of said note. Gus Jacobs, Jacob Jacobs, Morris L. Jacobs, and Max Lip-

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

off, composing the partnership firm of Jacobs & Lipoff, were made parties defendant; appellee alleging that they were in possession of and setting up some claim to, the property. Pending the suit, appellee sequestrated the property, which was replevied by Jacobs & Lipoff. Later the sequestration writ was quashed on motion of Jacobs & Lipoff. Appellants Jacobs & Lipoff answered by general demurrer, special exceptions, general denial, and specially that they were the owners of the premises on land in which the barber shop was situated, and that they had a landlord's lien on said barber furniture and fixtures for rent due and unpaid and rent due to accrue under a contract of lease hire, and prayed for judgment declaring their landlord's lien superior to appellee's chattel mortgage lien, and that it be foreclosed.

The case was tried to a jury upon special issues, in answer to which they found: (a) That appellee, McFaddin, did not tell Jacobs & Lipoff before the lease was executed by Jacobs & Lipoff to Gray that he (McFaddin) had sold the barber shop to Gray and retained a chattel mortgage on same to secure the payment of the note given by Gray to McFaddin in part payment for the barber furniture and fixtures; (b) that McFaddin did not tell Jacobs & Lipoff that the furniture and fixtures composing the barber shop that he had sold to Gray would be security to them for the rent to become due under the lease contract with Gray; (c) that the market value of the barber furniture and fixtures taken by Jacobs & Lipoff at the time the property was so taken by Jacobs & Lipoff was $800; and (d) that the lease executed by Jacobs & Lipoff to Gray, bearing date February 1, 1924, was executed in pursuance of an oral agreement between McFaddin and Jacobs & Lipoff, at the expiration of his lease, that he should have a lease for an additional two years, such new lease to be made to him or to some one designated by him. On the answers of the jury, judgment was rendered in favor of appellee and against appellants Gus Jacobs, Jacob Jacobs, Morris L. Jacobs, and Max Lipoff, jointly and severally, for $800. This appeal is from that judgment.

The only question for decision is as to the priority of the landlord's lien for rents over that of appellee's chattel mortgage lien. Appellee McFaddin owned a barber shop situated in a building owned by appellants in the city of Port Arthur, Tex. McFaddin occupied this building under a lease contract which expired December 31, 1923. He was desirous of selling his shop, but wanted the privilege of a renewal of the lease contract for a period of two years, thinking that, if he could state to a prospective buyer that the premises could be leased for that period, it would enable him to sell more readily than if the purchaser would have to procure another location and move. He had a verbal agreement with appellants that they would make a new lease of the premises for two years to him, or to some one designated by him. He continued to occupy the premises, paying rent monthly until and including May, 1924.

On May 5, 1924, McFaddin sold the shop to M. A. Gray, telling him that appellants had agreed that a new lease for two years of the premises could be had. He sold his shop to Gray for $2,500, of which $1,000 was paid in cash, and Gray executed his note for $1,500, payable to McFaddin in monthly installments of $50, and retained a chattel mortgage on the shop furniture and fixtures to secure the payment of the note. This mortgage was recorded May 14, 1924. McFaddin introduced Gray to appellants, and told them he had sold the shop to Gray, and requested that they make the new lease to him. Appellants entered into a lease contract with Gray for two years, but dated the written lease contract back to February 1, 1924, the lease to expire January 31, 1926. Gray continued to occupy the building and to pay the rent to Jacobs & Lipoff up to and including the month of February, 1925, when, on about March 27, 1925, he closed the shop and left the city and went to Douglas, Ariz. Default in the payment of the March and April monthly installments of McFaddin's note being made by Gray, appellee, as per the terms of the mortgage, elected to mature all the note, and filed this suit for judgment on the note and foreclosure of his chattel mortgage lien. Appellants asserted their landlord's lien on the furniture and fixtures of the shop, for rents due and to become due under the terms of their lease with Gray, took and held continuous possession of the property under said claim, and sold and disposed of a portion of same. They claimed that $225, the rent for one month, March, 1925, was not paid by Gray, and also that they were entitled to pay for the remainder of the lease period, which expired January 31, 1926.

The judgment must be affirmed. Article 5238 (5490), Revised Civil Statutes 1925, provides that all persons leasing or renting any residence, storehouse, or other building shall have a preference lien upon all property of the tenant in such residence, storehouse, or other building for the payment of rents, due and to become due, etc., and further provides that the rent to become due shall not continue or be enforced for a longer period than the current contract years, it being intended by the term "current contract years" to embrace a period of twelve months reckoning from the beginning of the lease or rental contract, whether the same be in the first or any other year of such lease or rental contract. Appellants' lease with Gray began, according to its terms, February 1, 1924, and was for two years, expiring January 31, 1926. The rent from February 1, 1924, the beginning of the lease period, up to and including February, 1925, thirteen months, had been paid. The chattel mortgage of appellee was placed of

record May 14, 1924. The rent for the first year having been paid and the chattel mortgage having been placed of record before the beginning of the second year of the lease period, the chattel mortgage of appellee was superior to the landlord's lien of appellants for rent accruing in the second year. Meacham v. O'Keefe (Tex. Civ. App.) 198 S. W. 1000; Burgher & Co. v. Barry (Tex. Civ. App.) 211 S. W. 457; Low v. Troy Laundry Machinery Co. (Tex. Civ. App.) 160 S. W. 136, 139.

The judgment is affirmed.