## RADFORD v. BACON SECURITIES CO.
### (No. 583.)

Court of Civil Appeals of Texas. Eastland. May 31, 1929.

Rehearing Denied June 28, 1929.

W. E. Lessing, of Abilene, for appellant.

Scarborough, Ely, Brown & King, of Abilene, for appellee.

LESLIE, J. This suit was brought by the Bacon Securities Company, a corporation, against Carl C. Grubbs and J. M. Radford, as defendants, seeking a judgment against Grubbs on a certain note and foreclosure of a chattel mortgage lien on certain personal property as against both defendants. The defendant Radford filed a cross-action against the defendant Grubbs for rents due on the building described in plaintiff's petition, and sought to foreclose a landlord's lien as against the plaintiff and defendant Grubbs on all personal property in said building belonging to Grubbs, a part of which was that on which the plaintiff asserted its lien in this suit.

The trial was before the court and resulted in a judgment in favor of the plaintiff on its note, with a foreclosure of its mortgage lien, and in favor of defendant Radford for his rents against the defendant Grubbs, with a foreclosure of the landlord's lien on the personal property belonging to the defendant Grubbs and situated in said building. The judgment, however, decreed the plaintiff's chattel mortgage lien to have priority over the landlord's lien, and the defendant Radford appeals from such decree.

Briefly the facts are these: The Bacon Securities Company instituted the suit on a note for $802.90, etc., payable to the plaintiff in installments, and executed and delivered to it by the defendant Grubbs. The note was dated March 21, 1928. The chattel mortgage was of even date, and had been duly filed for record March 22, 1928. The note was given by Grubbs in renewal of certain past-due notes of a series originally executed by him to the York Products Corporation, from whom he purchased, on April 9, 1927, an alleged refrigerating plant, particularly described in a conditional sales contract, and in said subsequent chattel mortgage, as hereinafter set out. It is the property upon which the respective liens are sought to be foreclosed in this suit.

The conditional sales contract was filed for record and recorded in the chattel mortgage records of Taylor county, Texas, May 2, 1927, 23 days after the date of its execution. It secured a series of notes executed and deliv-

ered by Grubbs to the York Products Corporation for said plant. Grubbs defaulted in the payment of the last four of the notes, and for a valuable consideration they were assigned by the York Products Corporation, together with the lien securing the same, to the Bacon Securities Company, appellee herein, who entered into an agreement with Grubbs, whereby he was permitted to renew and extend said original obligation by the execution direct to the Bacon Securities Company of the note in suit, together with a chattel mortgage securing the same, and which is here sought to be foreclosed. When this property was originally purchased by Grubbs from the York Products Corporation, he placed it in the building owned by the defendant Radford, where it has since remained. In the original conditional sales contract, in the subsequent chattel mortgage, and in the plaintiff's petition, the machinery or chattel property is described in identical terms.

On the trial the appellant Radford objected to the introduction in evidence of the sales contract, as well as the chattel mortgage, on the grounds that the contents of neither instrument purported to describe a refrigerating plant, and that the description in each instrument was so indefinite and uncertain as to render them void as to third parties, and especially as to himself, the landlord. The objections were overruled and assignments of error are based upon this ruling of the court.

The original sales contract and the subsequent mortgage, as did the plaintiff's petition, described the mortgaged property as follows: "One 3-ton York self-contained unit arranged for automatic control consisting of compressor, condenser and receiver, ammonia and water piping connecting these parts, gauges, regulating devices, motor, belt and idler, all assembled and mounted on a single cast iron base, complete, together with all attachments and appliances used in connection therewith and attached thereto. The motor being the following size and current characteristics: * * * H. P. alternating current, 220 volts, 3 phase, 60 cycle."

In addition, the sales contract recited that said Carl O. Grubbs resided in Abilene, Taylor county, Texas, and that the chattels were delivered to him. The mortgage direct to the Bacon Securities Company contained like recitals and the additional stipulation that the "chattel property" referred to was "located at 166 Locust street, Abilene, Texas," and that the obligation was a renewal and extension of the conditional sales contract aforesaid, covering the said machinery and equipment therein described.

■ We have carefully considered the attack made by the appellant upon the description of the property, as contained in the chattel mortgage, and we do not believe that there is any merit in these contentions. The rule as to the sufficiency of a description of the subject-matter of a chattel mortgage is a very liberal one, and is aptly stated in 11 C. J. 457: "It is not essential that the description be so specific that the property may be identified by it alone, if such description suggest inquiries or means of identification which, if pursued, will disclose the property conveyed. This rule is based on the maxim, 'That is certain which is capable of being made certain.'"

As stated by this court in Handley v. McDonald et al., 9 S.W.(2d) 372: "Any description in chattel mortgage which will enable third persons to identify the property mortgaged, aided by inquiries which the mortgage itself indicates or directs, is sufficient" —there citing Harless v. Jester et al. (Tex. Civ. App.) 97 S. W. 138; Rus v. Bank (Tex. Civ. App.) 228 S. W. 985; Houston Nat. Exchange Bank v. Osceola Irrigating Co. (Tex. Civ. App.) 261 S. W. 561; Conley v. Dimmit County State Bank (Tex. Civ. App.) 181 S. W. 271; Farmers' & Merchants' Nat. Bank v. Howell (Tex. Civ. App.) 268 S. W. 776; Houssels et al. v. Coe et al. (Tex. Civ. App.) 159 S. W. 865. See also Harding et al. v. San Saba National Bank (Tex. Civ. App.) 13 S.W.(2d) 121.

We believe the description herein critized is full and complete to a degree not usually found in such cases, and we are of the opinion that it is so specific that the property may be identified by the description alone, but in any event it prompts and suggests such inquiries that an ordinarily prudent person could not fail to ascertain by the exercise of a reasonable degree of care the subject-matter of the mortgages, as well as the interest therein of the mortgagor and mortgagee.

■ On the trial the mortgagor, Carl O. Grubbs, was permitted to testify that the property described in the mortgage constituted a refrigerating or cold storage plant, and was the same property installed by him in appellant's building, as well as the same property originally received by him from the York Products Corporation under the conditional sales contract, and which he later mortgaged to the appellee Bacon Securities Company, as evidenced by the chattel mortgage in suit. It is claimed the court erred in receiving this testimony, but we do not believe there was any error in the admission of this evidence. It merely tended to identify and locate the mortgaged property. In a substantial sense, the mortgage itself did that. In 5 R. O. L. p. 429, § 62, the parol evidence rule as to mortgaged property is stated thus: "Parol evidence is admissible for the purpose of identifying the property actually mortgaged; as, for instance, where it aids in applying the description of the subject-matter intended to be embraced by the mortgage, and not to change the description. It is admissible for

this purpose even where the mortgage minutely describes the property."

For other authorities, to the effect that parol testimony is admissible to aid the written description, see Conley v. Bank, supra; 5 R. C. L. p. 429, § 63; Frick v. Fritz, 115 Iowa, 438, 88 N. W. 961, 91 Am. St. Rep. 165; Scrafford v. Gibbons, 44 Kan. 533, 24 P. 968; Joslyn v. Moose River Lbr. Co., 83 Vt. 49, 74 A. 385, 138 Am. St. Rep. 1067, 21 Ann. Cas. 1024, notes, page 1026.

The remaining question for decision is as to the priority of the landlord Radford's lien for rents over that of the appellee's chattel mortgage lien. Article 5238 of the Revised Statutes 1925, creating preference liens in favor of owners of buildings, provides: "The lien for rents to become due shall not continue or be in force for a longer period than the current contract years, it being intended by the term 'current contract years' to embrace a period of twelve months, reckoning from the beginning of the lease or rental contract, whether the same be in the first or any other year of such lease or rental contract."

■ It will here be observed that the subject-matter of the mortgage was placed in Radford's building by virtue of a lease contract beginning April 1, 1927, and expiring March 31, 1932. Upon the trial Radford conceded that the rent for the first year and for the first month of the second year had been paid to him by the lessee. The note and chattel mortgage which formed the basis of appellee's suit were dated March 21, 1928, and the mortgage was duly filed for registration in Taylor county, Texas, on March 22, 1928. It will thus be seen that the appellee's chattel mortgage was duly registered at least nine days before April 1, 1928, the beginning of the second-year period of appellant's five-year lease. This establishes the priority of the appellee's chattel mortgage lien over the landlord's lien for the rents claimed, and the trial court did not err in rendering judgment accordingly. By virtue of the above statute these conclusions, we think, are correct, as may be seen from numerous authorities, some of which are Gray et al. v. McFaddin (Tex. Civ. App.) 8 S.W.(2d) 293; Meacham v. O'Keefe (Tex. Civ. App.) 198 S. W. 1000; Burgher & Co. v. Barry (Tex. Civ. App.) 211 S. W. 457; Low v. Troy Laundry Machinery Co. (Tex. Civ. App.) 160 S. W. 136 (writ refused); Cave v. Talley Co. et al. (Tex. Civ. App.) 298 S. W. 912.

Under the facts of this case, no question arises as to the appellee's having failed to file its chattel mortgage "forthwith." See Cave v. Talley Co., supra. From the foregoing it follows that the appellant's assignments are overruled.

The judgment of the trial court is affirmed.