**ASSOCIATES FINANCIAL SERVICES OF TEXAS, INC., Appellant,**

v.

**Wayne L. SOLOMON, Appellee.**

**No. 5465.**

Court of Civil Appeals of Texas, Waco.

May 22, 1975.

Walters, Reed & Taylor, Wilson F. Walters, Patrick M. Reed, Denison, for appellant.

Munson, Munson & Porter, Harry E. Kain, Denison, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Associates, from judgment decreeing its security interest lien, in certain beauty shop equipment, subordinate to appellee Solomon's Landlord's Lien.

Appellant Associates sued Glenn R. McCullough on a note given for money advanced for purchase of beauty shop equipment, plus attorney's fees and possession of such beauty shop equipment pledged to secure payment.

Appellant also sued appellee Solomon, who was McCullough's landlord, seeking possession of the beauty shop equipment. Appellant alleged Solomon converted such equipment, and sought damages for such alleged conversion.

Appellee cross claimed against McCullough for rent due under a lease.

Trial was before the court without a jury, which rendered judgment:

1) Appellant recover $5775.60 (plus interest and attorney's fees) against McCullough.

2) Appellee recover $675. plus interest against McCullough (for three months rent).

3) Appellee Solomon has a valid lien on the beauty shop equipment (to the extent of $675. plus interest) which is superior to appellant's lien.

4) Appellant has a valid lien on the beauty shop equipment (to the extent of $5775.60 plus interest and attorney's fees), but subordinate to appellee's lien.

Appellant appeals on two points contending the trial court erred:

1) In holding appellee Solomon's lien superior to appellant's lien.

2) In admitting the recording information of the Owner of Buildings Lien Affidavit in the Landlord Lien Records. We revert to contention 1.

Appellant advanced McCullough $5,775.60 on June 11, 1973, to purchase beauty shop equipment. McCullough on June 11, 1973, executed a note and Security Agreement for $24,949., such amount including the $5,775.60 plus balance due on prior advances.

McCullough executed Financing Statements to secure the obligation, but same did not list the beauty shop equipment. Such statements were filed on June 18, 1973.

On August 15, 1973, the beauty shop equipment was delivered to McCullough, and placed in appellee's building, which McCullough leased and occupied.

On August 16, 1973, McCullough entered a lease with appellee which gave appellee a lien on all chattels on the premises to secure rent payment.

On December 13, 1973, appellee took possession of the premises. McCullough was in default of rent payment to appellee, and in default of note payments to appellant on such date.

On December 14, 1973, appellee refused appellant's request for the beauty shop equipment.

On December 28, 1973, appellee made affidavit for Owner of Buildings Lien bond on the August 16, 1973, lease, and filed same in the Landlord Lien records of Grayson County on December 28, 1973.

On January 28, 1974, appellant perfected a Financing Statement which properly described the beauty shop equipment and filed same in the required places.

Thus appellee's Owner's of Building Lien was filed prior to the time appellant's security interest was perfected.

The Uniform Commercial Code does not deal with the relative priorities of a landlord's lien for rent, as against a secured party with respect to collateral kept at the recited premises. UCC Article 9 is expressly inapplicable to a landlord's lien. Tex.Bus. and Comm.Code Sec. 9.104(2), V.T.C.A. It therefore appears that precode Texas law will be followed with respect to the priority of a landlord's lien, as against a security interest arising under Article 9 of the Code as here. 51 Tex. Jur.2d p. 515.

■ When property is placed in a rented building by the tenant prior to recording a chattel mortgage thereon, the landlord's lien has preference. Cook v. Yandell Realty Co., Tex.Civ.App., NWH, 275 S.W. 850.

■ And a landlord's lien is also superior to any unrecorded chattel mortgage, even if the mortgage is older than the landlord's lien. General Motors Acceptance Corp. v. Bettes, Tex.Civ.App., Er. Ref., 57 S.W.2d 263.

As to the priority between a landlord's lien and a security interest, as is the situation here, Texas Jurisprudence 2d says: " * * it would seem that the likely future rule as to the priority of a landlord's lien over a security interest is that if the security interest is perfected at the time the personal property is placed on the leased premises, the security interest should be paramount; on the other hand, if the security interest is perfected with respect to the property after it is on the premises, the landlord's lien should be superior." 51 Texas Jur.2d p. 518.

■ The equipment was placed in appellee's building before appellant perfected its security interest. Appellee thereafter on December 28, 1973, perfected and filed its Owner of Building Lien, which was prior to the time appellant perfected its Security interest on January 28, 1974. Under such situation we think appellee's lien has priority over appellant's lien.

Contention 1 is overruled.

■ Contention 2 asserts the trial court erred in admitting the recording information of the Owner of Buildings Lien affidavit in the Landlord's Lien Records.

Trial was before the court without a jury on September 5, 1974. The Statement of Owners of Buildings Lien was attached to appellee's pleadings, and was introduced into evidence. It was referred to during the trial. On September —, 1974, appellee filed motion to introduce additional evidence, the recording information on such instrument. The trial court ordered such information filed as a matter of record in the cause pursuant to Rule 270 Texas Rules of Civil Procedure.

Rule 270 provides "at any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice. * * *"

The evidence was received before judgment was rendered. Its admission was discretionary with the trial court. Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Tex. 628, 19 S.W. 151; Isenberg v. Isenberg, Tex.Civ. App., NWH, 510 S.W.2d 364. No abuse of discretion on the part of the trial court has been shown.

Contention 2 is overruled.

Affirmed.