**BANK OF NORTH AMERICA,**
Appellant,

v.

**Morris KRUGER, Appellee.**

**No. 16816.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 1977.

Rehearing Denied April 7, 1977.

**64**

Thomas W. Moore, Houston, for appellant.

Brochstein & Slobin, Harry H. Brochstein, Houston, for appellee.

EVANS, Justice.

The basic question in this case is whether the contractual and statutory liens asserted by a landlord in the personal property of his lessee should be accorded priority over the perfected security interest of a lending bank in the same property.

On June 23, 1967, the landlord Morris Kruger leased certain premises to National Motors, Inc., the lessee's performance being individually guaranteed by its president, Harry Hartley. The lease contained a provision expressly granting a lien to the lessor on all of the lessee's personal property to secure the lessee's performance under the lease, but the lessor did not perfect its lien as a security interest by filing a statement under Chapter 9, Texas Business and Commerce Code. On September 1, 1968, the lease term was extended from June 30, 1970 to August 31, 1971.

On November 24, 1970, National Motors, Inc. obtained from the Bank of North America a $100,000 Small Business Administration loan which was secured by a lien on all of the borrower's machinery, equipment, motors and other personal property. On August 9, 1971, the Bank made an additional loan of $20,000 to National Motors, Inc. and Harry Hartley, which was also secured by a lien on the personal property of National Motors, Inc. The liens securing both such loans were duly perfected by the Bank's filing of financing statements in accordance with Chapter 9, Texas Business and Commerce Code.

On January 5, 1972, both notes being in default, the Bank brought suit against National Motors, Inc. and Harry Hartley to recover its debt and foreclose its security interest. It also made application for a writ of sequestration and the following day the sheriff levied on the personal property constituting the collateral for the loans.

On January 17, 1972, Morris Kruger, the landlord, subsequently brought this suit against National Motors, Inc., Harry Hartley and the Bank of North America, asserting that the Bank had wrongfully converted the personal property which was subject to his landlord's liens. After a jury trial, the trial court entered judgment in favor of Morris Kruger against the Bank of North America, National Motors, Inc., and Harry Hartley, jointly and severally, in the amount of $23,612.02, representing the rentals, interest and attorney's fees owing to the landlord under the terms of the lease agreement and under the guarantee agreement executed by Hartley. This portion of the trial court's judgment must be reversed.

In its first three points of error, the Bank of North America contends that its perfected security interest in the leased collateral was superior to any liens, contractual or statutory, which the landlord may have had in the same property. The landlord, Morris Kruger, responds by contending, first, that his liens are excluded from the application of Chapter 9, Texas Business and Com-

merce Code; second, that the Bank did not act in good faith and is therefore estopped to assert that its security interest is superior to the landlord's contractual lien in the same property; and third, that the statutory landlord's lien was entitled to priority over the Bank's security interest.

The landlord's contractual lien has been held to be a chattel mortgage which must be perfected by filing under the registration statutes. *Shwiff v. City of Dallas*, 327 S.W.2d 598 (Tex.Civ.App.—Dallas 1959, writ ref'd n. r. e.). The *Shwiff* decision was rendered prior to the enactment of the Texas Business and Commerce Code, but its rationale is applicable to the case at bar.

The Code expressly provides that Article 9 shall not be applicable to a landlord's lien. Section 9.104(2), Tex.Bus. & Com.Code. On the basis of this exclusionary provision a landlord's lien was held to be superior to a perfected security interest. *Associates Financial Services of Texas, Inc. v. Solomon*, 523 S.W.2d 722 (Tex.Civ.App.—Waco 1975, no writ). However, the lien involved in the *Solomon* case was apparently statutory, rather than contractual. A review of decisions in other jurisdictions involving similarly worded provisions indicates that only statutory liens are excluded from the Code. *In re King Furniture City, Inc.*, 240 F.Supp. 453, 456 (E.D.Ark.1965); *In re Leckie Freeburn Coal Co.*, 6 Cir., 405 F.2d 1043, cert. den., 395 U.S. 960, 89 S.Ct. 2101, 23 L.Ed.2d 746. It is accordingly this court's ruling that the Bank's perfected security interest was superior to the prior unrecorded contractual lien of the landlord in the same property.

It is further this court's ruling that the Bank is not precluded by its actions from asserting that its perfected security interest has priority over the landlord's contractual lien. Although the Bank had actual knowledge of the landlord's interest in the same property at the time it extended credit and perfected its security interest, the evidence does not indicate the Bank lacked good faith as that term is defined in Section 1.201(19) of the Texas Business and Commerce Code.

Although we have not been referred to a Texas case on this point, a Minnesota Code provision containing substantially the same language as Section 9.312(e)(1), Tex.Bus. & Com.Code, has been held to establish the priority of a perfected security interest notwithstanding the holder's actual knowledge of a prior unperfected interest in the same property. *In re Smith*, 326 F.Supp. 1311 (D.C.Minn.1971). In the case at bar the landlord was notified of the Bank's impending loan and was requested by the Bank to subrogate his interest to its loan. The landlord could then have perfected his contractual lien in the property by filing a financing statement in accordance with the Code.

This leaves the question of whether the Bank's perfected security interest should be accorded priority over the statutory lien asserted by the landlord. The applicable part of the statute creating the landlord's statutory lien provides as follows:

"All persons leasing or renting any residence, storehouse or other building, shall have a preference lien upon all property of the tenant or of any subtenant of such tenant in such residence, storehouse or other building, for the payment of rents due and to become due provided that in order to secure the lien for rents that are more than six (6) months due, it shall be necessary for the person leasing or renting any storehouse or other building which is used for commercial purposes, to file in the office of the county clerk of the county in which such storehouse or such other building is situated, a sworn statement of the amount of rent due, itemized as to the months for which it is claimed to be due, together with the name and address of the tenant and/or subtenant, a description of the rented premises, the date on which the rental contract began and that on which it is to terminate, verified by the person claiming such lien, his agent or attorney, and such statement when so verified shall be recorded by the county clerk in a book to be provided for such purpose. No lien for rent more than six (6) months past due upon any storehouse or other building

rented for commercial purposes shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant and/or subtenant, unless said statement shall be verified, filed and recorded as above provided.

"Each county clerk shall keep an alphabetical index for the purpose of recording the rental liens above described. The lien for rents to become due shall not continue or be enforced for a longer period than the current contract years, it being intended by the term 'current contract years' to embrace a period of twelve (12) months, reckoning from the beginning of the lease or rental contract, whether the same be in the first or any other year of such lease or rental contract. . . ." Article 5238, Tex.Rev.Civ.Stat.Ann.

■ Under this statute a landlord is granted a preference lien on rents accruing during the contract year on the lessee's property placed upon the leased premises, but in order to preserve its priority against intervening creditors with respect to rentals which are more than six months past due, the landlord must file an appropriate affidavit with the county clerk as provided by the statute. *Industrial State Bank v. Oldham*, 148 Tex. 126, 221 S.W.2d 912, 913 (1949).

■ In the case at bar the Bank first perfected its security interest in the collateral on November 27, 1970. At that time, and also in August 1971, when it made the additional loan to National Motors, Inc., its security interest was subordinate to the landlord's statutory lien for the contract year beginning September 1, 1970, and ending August 31, 1971. However, at the beginning of the next contract year, September 1, 1971, the Bank's prior perfected security interest became superior to the landlord's statutory lien in the same property. *Radford v. Bacon Securities Co.*, 18 S.W.2d 848 (Tex.Civ.App.—Eastland 1929, no writ).

It is contended by the landlord that there is apparent conflict between the decision in the *Radford* case and the holding of the *Solomon* case. The cases may be distinguished. In *Solomon* it is clear that the security interest lien was perfected during the "current contract year" of the lease. In *Radford*, as in the case at bar, the security interest lien had been perfected prior to the beginning of the "contract year" of the lease.

"Article 5238 (5490), Revised Civil Statutes 1925, provides that all persons leasing or renting any residence, storehouse, or other building shall have a preference lien upon all property of the tenant in such residence, storehouse, or other building for the payment of rents, due and to become due, etc., and further provides that the rent to become due shall not continue or be enforced for a longer period than the current contract years, it being intended by the term 'current contract years' to embrace a period of twelve months reckoning from the beginning of the lease or rental contract, whether the same be in the first or any other year of such lease or rental contract. Appellants' lease with Gray began, according to its terms, February 1, 1924, and was for two years, expiring January 31, 1926. The rent from February 1, 1924, the beginning of the lease period, up to and including February, 1925, thirteen months, had been paid. The chattel mortgage of appellee was placed of record May 14, 1924. The rent for the first year having been paid and the chattel mortgage having been placed of record before the beginning of the second year of the lease period, the chattel mortgage of appellee was superior to the landlord's lien of appellants for rent accruing in the second year." *Gray v. McFaddin*, 8 S.W.2d 293 (Tex.Civ.App.—Beaumont 1928, writ dism'd).

It is, therefore, this court's ruling that at the time of the lessee's default in the payment of lease rentals, December 1, 1971, the Bank held a perfected security interest in the chattels which was entitled to priority over the statutory lien asserted by the landlord in the same property. *Radford v. Bacon Securities Co.*, supra; *Gray v. McFaddin*, supra; *West Development Co. v. Crown Bottling Co.*, 90 S.W.2d 887, 889 (Tex.Civ.

App.—Waco 1936, writ dism'd); *McKeever v. Brooks-Davis Chevrolet Co.*, 74 S.W.2d 311, 313 (Tex.Civ.App.—Eastland 1934, writ dism'd).

 In a suit for conversion the rights of the parties are determined as of the date of the alleged conversion. *Industrial State Bank v. Oldham*, 148 Tex. 126, 221 S.W.2d 912, 914 (1949). At the time the levy occurred under the writ of sequestration, January 6, 1972, the landlord held no rights in the chattels which were superior to the Bank's perfected security interest. Thus, there was no wrongful conversion of the property subject to the Bank's security interest. *McKeever v. Brooks-Davis Chevrolet Co.*, supra.

The disposition of the Bank's first three points of error renders it unnecessary to consider its remaining points. It is, however, necessary to consider the landlord's cross-points.

The landlord contends that the court erred in failing to award damages in the amount of $9,000 for injuries to the leased premises occasioned during the removal of the chattels under the writ of sequestration. He claims that the Bank is liable with the sheriff executing the writ, both as a joint tort-feasor and under an agency theory, for damages caused by the sheriff's negligence acting under the writ of sequestration. In response to special issues the jury found that the leased premises had been damaged during the seizure of the property as the result of negligence and that the sum of $9,000 was required to restore the premises.

 The trial court properly refused to enter judgment for this sum in favor of the landlord. There was evidence that during the removal of the property Bank representatives were present for the purpose of checking serial numbers so that only equipment subject to the Bank's security interest would be removed. There was no evidence, however, that the Bank's representatives actually participated in the removal of the chattels, or that they exercised any control or direction over the sheriff's deputies or the mover employed by the sheriff to re-move the property. No issue was submitted to the jury with respect to the Bank's participation and this omitted issue must be deemed to have been found by the trial court in a manner favorable to the Bank. Rule 279, Texas Rules of Civil Procedure. If the Bank did not participate in the negligent acts of the officer levying the writ of sequestration, it is not liable for damages caused by the officers' negligence while acting under the writ. *Kanaman v. Hubbard*, 110 Tex. 560, 222 S.W. 151 (1920).

The trial court's judgment in favor of Morris Kruger against the Bank of North America in the amount of $23,612.02 is reversed and judgment is rendered that the said Morris Kruger take nothing with respect to his action for conversion against the said Bank of North America. The trial court's judgment denying the claim of the said Morris Kruger for damages to the leased premises is affirmed.

All costs of appeal are taxed against the appellee, Morris Kruger.