Hemphill, Ch. 3.
If the defendant Mary was a single woman at the execution of the note, there can bo no quest ion of the correctness of the j udgment, restricted, as it is in ils operation exclusively to the separate properly of the wife. That ihe husband is not liable for the debts of the wife contracted before marriage was held in several cases decided at the last term at Austin. (Calla *119 han v. Patterson and Wife; Howard and Wife v. North.) Nor is he made liable by this judgment. It can be enforced only against the wife’s individual property. It does not lie with the appellants to complain of this judgment, at least upon the ground that it involves the husband in any responsibility. For this is not the case. Had the wife or the appellee claimed that the execution should he made as well out of the community as out of the separate property of the wife, a question might l>ave been presented which would have required consideration, especially as under the law of 1S40, which was probably in force at the date of the intermarriage of these parties, all the property brought into tlie marriage, except the lands and slaves of the partners and the paraphernalia of tlie wife, became common property, and did not, as now, remain the separate right of each partner.
There is no reason why the debt of the husband antecedent to marriage should be paid out of the community of gains, which would not apply with equal force to tlie debt of the wife contracted dum sola. But I do not intend in this place to intimate any opinion that the community can be charged with liabilities of this character incurred by either member of the matrimonial partnership.
The only question in the case is the alleged error in overruling the demurrer.
The plaintiff must by law make a full and clear statement of his cause of action, and such additional allegations pertinent to the cause as he may deem necessary to sustain the suit, with a full statement of the felief sought from tlie court.
Has the plaintiff complied with these requisites of the law?
The petition is inartificially drawn; but on considering the matters set forth rejecting immaterial statements, we are of opinion that the question above propounded must be answered in the affirmative.
The residence of the parties and execution of the uote by the defendant Mary are alleged. The facts that the said defendant was a single woman at the inception of the contract, and her subsequent intermarriage, are not, as they should iiave been, explicitly stated. But the averment that she was Mariy Noble when the note was made, and that she is now Maty Nash, the wife of the other defendant, Cooper B. Nash, are sufficiently indicative of the existence of (hese facts. It is also alleged, though not in tlie proper order of pleading, that the plaintiff is the bearer of the note, and that the same has not been paid. Judgment is prayed for generally, tlie court having the power under such prayer to decree the specific relief appropriate to the ease.
These allegations are sufficient to sustain the suit. The other matters set forth are surplusage, and may be stricken out without affecting the substance of the petition. “Arguments, inferences, and matters of law” are not to be pleaded, but facts only. The allegation of the joint liability of the defendants, by reason of the execution of tlie note, though erroneous, is but a conclusion of law, and is therefore immaterial.
I see no objection to the common-law form of declarations on debts contracted by the wife before marriage, striking out the superfluous matters which incumber such declarations and are repugnant to the plain statement of the fact .of the case, as required under our system of procedure.
The declaration shows that the liability was incurred solely by the wife. No joint promise after coverture is alleged. And the judgment against tlie husband and wife jointly, and which will be enforced against tlie property of the husband, is the legai consequence of liis liability at common law to discharge the debts of the wife contracted before marriage.
Under our law of marital rights the husband must be joined pro forma, and judgment is necessarily rendered against both, but to be made out of the wife’s' separate property, as is directed by the decree under review.
*120 It was not essential that special relief against the separate property of the wife should have been prayed for. The fact that the debt was contracted before marriage is sufficient to authorize such decree.
Judgment affirmed.