## V. & F. T. ROUNDTREE v. J. THOMAS.

1—The husband can not be made liable for debts of his wife, contracted before marriage.

2—The separate property of the wife, however, though placed by law under the control of the husband, is subject to the payment of her debts, contracted before marriage.

3—Because of the marital control of the husband, he is a necessary party defendant to suits brought on ante-nuptial contracts of his wife.

4—A judgment for the plaintiff in such suits is properly to be rendered against both the husband and wife; but it ought always to be specifically ordered in such a judgment that execution is to be levied on the separate property of the wife.

5—This court can not consider an assignment of error, founded on the want of a revenue stamp to the instrument sued on, when the instrument is not so brought before the court as to enable it to determine whether or not it had the proper stamp.

6—By the 16th section of the act of Congress of March 3d, 1863, regulating stamp duties, it was competent for a party holding a note dated 1863 to stamp it in the presence of the court trying the suit in which the note was to be made evidence.

ERROR from Collin. Tried below before the Hon. Hardin Hart.

Thomas, the defendant in error, brought this suit to the Fall term (1866) of the District Court of Collin County, on a note for $450, executed by Frances T. Beck and G. H. Fitzhugh, dated April 23d, 1863, and payable to the plaintiff one day after date. The petition averred that since the making of the note, Frances T. Beck had married Voltaire Roundtree, who, therefore, was made a defendant along with his wife and G. H. Fitzhugh.

In view of the opinion of this court there is no occasion to notice the defense of failure of consideration set up below.

The case came to trial at the Spring term (1869). The plaintiff introduced the note sued on, which is copied into the transcript, and immediately following it is an entry of the clerk of the court, in parenthesis, thus: ("This note has no revenue stamp on it, nor is there any evidence on it that it ever was stamped. R. R. Randolph, clerk.") Nothing further with reference to the revenue stamp appears in the statement of facts.

The plaintiff suggested the bankruptcy of the defendant, Fitzhugh, and dismissed as to him. The jury returned a verdict for the plaintiff, and the court rendered a judgment in his favor, in the usual form, against Roundtree and wife, without distinctions as to the execution or levy.

A new trial being refused, the defendants appealed.

*Throckmorton & Brown*, for plaintiffs in error. That the husband is not liable for the debts of the wife contracted before marriage, is well settled by repeated decisions of this court. (See Nash v. George, 6 Texas, 236 ; Callahan v. Patterson and wife, 4 Texas, 61 ; Howard and wife v. North, 5 Texas, 290 ; Booth v. Cotton, 13 Texas, 364, 365.) We might cite many other cases in point, but feel that it is useless to do so; and, indeed, that the correctness of this assignment can not be questioned for a moment, and upon it alone the case must be reversed. The second assignment presents the question of the correctness of the judgment in a two-fold view. First—that the separate property of the wife should be specifically designated for its satisfaction, in order to authorize an officer to subject it to the satisfaction of this judgment. (Nash v. George, 6 Texas, 236.) Secondly—to protect the common property from its operations. The statute expresses plainly the liability of the common property to be for debts of the husband without restriction, but limits its liability for debts of the wife to those contracted during the marriage and for neces-

saries. (Paschal's Digest, Art. 4642.) Argument upon a proposition, of which the simplest statement affords the amplest elucidation, would be superfluous, and tend to confusion.

No brief for defendant in error.

LINDSAY, J.—Upon a note executed by the wife while a *feme sole*, suit was brought against herself and her husband, and judgment rendered against them without qualification. It is certainly the law of this State that the husband can not be made liable for the debts of the wife contracted before marriage. Nevertheless, the separate property of the wife, though placed by law under the control of the husband, is still subject to the payment of her debts contracted prior to the marriage. And it is because of the control which the statute gives the husband over the separate property of the wife during the coverture, that the husband is a necessary party to a suit against the wife for debts contracted by the wife prior to the marriage. The property is in his legal custody. That custody can not be disturbed without making him a party. Although the judgment is proper enough against the husband and wife, because of this marital custody, yet, it ought to be specifically ordered in it that the execution, which issues thereon, is to be levied upon the separate property of the wife in his possession, or under his control. Every judgment of this character ought always to be so modified.

Besides this error in the judgment of the District Court, it is also assigned for error that there was no revenue stamp affixed to the note sued on. This is matter of inspection for the court which tried the cause. And as the original paper is not before this court, by agreement of the parties, nor has it been brought hither by application for process of this court, the determination of the fact can not be here assumed. As, however, from the peculiar condition of the case, the court will reverse and remand it for re-trial, it may expedite the dispensation of justice by presenting now the rule of law which controls the question raised by the assignment of error for want of a revenue stamp.

The note was executed on the 23d day of April, 1863. The act of Congress which fixed the *status* of this written instrument, was approved the 3d of March, 1863. In § 16 of that act are these two provisos: "Provided, that no instrument, document or paper, made, signed or issued prior to the first day of June, 1863, without being duly stamped, or having thereon an adhesive stamp to denote the duty imposed thereon, shall, for that cause be deemed invalid and of no effect." And: "Provided that no instrument, document, writing or paper, required by law to be stamped, signed or issued, without being duly stamped prior to the day aforesaid, or any copy thereof shall be admitted or used as evidence in any court, until a legal stamp or stamps, denoting the amount of duty charged thereon, shall have been affixed thereto, or used thereon, and the initials of the person using or affixing the same, together with the date when the same is so used or affixed, shall have been placed thereon by such person. And the person desiring to use any such instrument, document, writing or paper, as evidence, or his agent or attorney, is authorized, in the presence of the court, to stamp the same, as heretofore provided by law."

It is by this act of Congress that the validity of this paper or note, as an instrument of evidence, is preserved, by affixing the stamp before or at the time of trial, in the presence of the court. The subsequent acts of Congress did not change the law in relation to instruments of writing in the condition of this note. The validity of all such instruments, coming within the purview of these provisos may still be preserved in the manner therein pointed out.

The judgment is reversed, the cause remanded, and a new trial awarded.

Reversed and remanded.