### MASSACHUSETTS MUT. LIFE INS. CO. v. STOCKYARDS NAT. BANK et al.

#### No. 12660.

Court of Civil Appeals of Texas. Fort Worth. April 2, 1932.

Rehearing Denied May 7, 1932.

W. M. Short and James E. Whitmore, both of Fort Worth, for appellant.

J. R. Black, A. H. Eaton, and L. J. Wardlaw, all of Fort Worth, for appellees.

DUNKLIN, J.

This suit was instituted by the Stockyards National Bank to recover a personal judgment against Mrs. Anna Vinson Wood, wife of O. L. Wood, who was sued jointly with her, for an indebtedness evidenced by an original promissory note, dated May 18, 1928, signed by Mrs. Anna Vinson, who at the time was a feme sole, and further evidenced by a renewal of that note, dated January 28, 1930, signed by defendant Mrs. Anna Vinson Wood, formerly Mrs. Anna Vinson, but who was then the wife of O. L. Wood. The original note was for the sum of $750, and bore several credits indorsed thereon, and the renewal note was for $343, reciting that it was for an unpaid balance on the original note. The original note was secured by a chattel mortgage executed by Mrs. Anna Vinson on 38 rooms of hotel furniture, which was then used by her in the Llano Hotel located at 114 West Twenty-Fourth street, Fort Worth, Tex. That mortgage contained this provision: "And this instrument is also intended as a mortgage for the better securing of the said party of the second part in all renewals and extensions of the above described note or notes, and this mortgage shall also extend to and secure all other indebtedness of the undersigned, of every description, whether as principal or surety, to said party of the second part whether said indebtedness be now contracted or hereafter contracted."

The renewal note contained this stipulation: "This note is given in renewal or extension of unpaid indebtedness due the payee and is secured by the original mortgage, which is attached together with the original note or notes."

Plaintiff also sought a foreclosure of that chattel mortgage lien.

Mrs. Anna Vinson married the defendant O. L. Wood on June 27, 1928, some 39 days after the original note and chattel mortgage were executed. Prior to that marriage Mrs. Vinson operated the Llano Hotel as a tenant, using the furniture covered by the mortgage in the hotel business. After her marriage to O. L. Wood, they continued to operate the hotel under a rental contract of month to month with the Massachusetts Mutual Life Insurance Company, hereinafter called insurance company, as owner of the hotel building. That company was made a party defendant in the suit, and by proper pleadings it sought a recovery for all unpaid rents on the property with a foreclosure of a landlord's lien to secure the payment of the same.

Judgment was rendered in favor of the plaintiff against Mrs. Anna Vinson Wood for the balance due on the notes sued on, with a foreclosure of the chattel mortgage. Judgment was also rendered in favor of the insurance company against O. L. Wood for the balance due for rents on the building with a foreclosure of landlord's lien on the 38 rooms of furniture already mentioned. By the terms of the judgment, plaintiff's chattel mortgage lien was decreed to be first and superior to the landlord's lien, and the court decreed that the proceeds of the sale of the furniture under the judgments of foreclosure should be applied first to the satisfaction of the plaintiff's judgment, and the balance, if any, to the judgment rendered in favor of the insurance company.

Neither O. L. Wood nor Mrs. Anna Vinson Wood has prosecuted any appeal from the judgment, and the only complaint of error in the judgment is presented here by the insurance company, and the sole ground of that

complaint is the alleged superiority of its landlord's lien to plaintiff's mortgage lien.

The renewal note was executed by Mrs. Anna Vinson Wood alone, without being joined by her husband. She and her husband pleaded her coverture to the cross-action by the insurance company, but the only answer filed by them against the plaintiff's suit consisted of a general demurrer and a general denial.

According to the pleadings of the insurance company, the rents for which a recovery was sought accrued after the marriage of O. L. Wood and Mrs. Anna Vinson. In its pleadings it was alleged that after their marriage the hotel was operated by Mrs. Wood for her own separate use and benefit and for the benefit of her separate property, and a personal judgment was sought against her for the unpaid balance of rents. In the alternative, it was further alleged that, if mistaken in the allegation that the hotel business was conducted for the separate use and benefit of Mrs. Wood, or for the benefit of her separate estate, then it was conducted by Mrs. Wood for the benefit of the community estate of herself and husband, against both of whom a personal judgment was sought. A foreclosure of a landlord's lien on the furniture was prayed for in either event. However, the trial court rendered a personal judgment in favor of the insurance company for the unpaid balance of the rents against O. L. Wood alone, thus denying a personal judgment against Mrs. Wood. That judgment necessarily implies that the operation of the hotel after the marriage was for the benefit of the community estate of the two spouses, and not for the separate use and benefit of Mrs. Wood; and the insurance company has made no complaint of that portion of the judgment.

It is insisted that plaintiff's petition was insufficient to warrant a recovery on the renewal note mentioned, since there were no allegations to the effect that it was given for the separate use and benefit of Mrs. Wood, or by virtue of any statutory authority, and further because her husband did not join her in the execution of the note.

Substantially the same contention is presented in several different propositions.

■ Having accepted without complaint the judgment for rents against O. L. Wood and a refusal of a judgment against Mrs. Wood for the rents, the insurance company has in effect abandoned the claim made in its pleadings that after the marriage the hotel business was operated for the sole and separate use of Mrs. Wood or for the benefit of her separate estate.

■ The original note executed by Mrs. Anna Vinson while she was a feme sole was a valid and binding contract on her, and her liability thereon was not destroyed or changed by her marriage to O. L. Wood, and a personal judgment against her thereon after her marriage with foreclosure of the chattel mortgage given to secure the note was proper. The fact that the original note was later renewed did not destroy the validity of the original. Speer's Law of Marital Rights in Texas, § 138. Nor did the subsequent acts of the husband and wife in using the furniture covered by the mortgage vest the title thereto in the community estate, or make the wife liable as a partner with her husband, nor deprive her of the right to renew the original note and the mortgage given to secure the same. Article 4614, Rev. Civ. Statutes of 1925 as amended by Acts 41st Legislature (1929), p. 66, c. 32 (Vernon's Ann. Civ. St. art. 4614); Wallace & Co. v. Finberg, 46 Tex. 35; Cox v. Miller, 54 Tex. 16; Mitchell v. Mitchell, 80 Tex. 101, 15 S. W. 705.

■ Evidence introduced upon the trial tended to show that the renewal note included some advancements made by the plaintiff to Mrs. Wood after her marriage, as well as the balance due on the original note, and the insurance company insists that, to the extent of such advancements, its landlord lien was superior to plaintiff's mortgage lien. In the first place, the insurance company did not tender that issue in its pleadings as against plaintiff's suit, although in plaintiff's petition the renewal note stipulating that it was given for the balance due on the original note was expressly alleged. In the second place, it is a familiar rule that a valid chattel mortgage may be given covering future advancements to the mortgagor by the mortgagee as well as a present indebtedness. Poole v. Cage (Tex. Civ. App.) 214 S. W. 500.

■ O. L. Wood, the husband, was not legally liable for the note executed by his wife before their marriage; that note could be enforced only against the wife's separate estate. Siese v. Malsch, 54 Tex. 355; Roundtree v. Thomas, 32 Tex. 286; Nash v. George, 6 Tex. 234; article 4613, Rev. Statutes. Furthermore, the coverture of Mrs. Wood at the time of the execution of the renewal note was not pleaded by the insurance company as a ground for the contention made that its lien was superior to plaintiff's mortgage lien.

And since the plaintiff's pleadings showed liability of Mrs. Wood for the debt sued for under her prenuptial contract and the renewal thereof, the rule of decisions cited by the insurance company that it is incumbent upon plaintiff seeking a personal judgment against a married woman to allege facts which establish such liability notwithstanding her coverture was fully complied with.

■ Moreover, since the personal judgment for rents rendered in favor of the insurance company against O. L. Wood neces-

sarily implies that he alone was the tenant who rented the building, and since the right to a landlord's lien is statutory, and is given against the property of the tenant only, it follows that the landlord's lien claimed did not attach to the furniture which was the separate property of his wife. Article 5238, Rev. Civ. Statutes of 1925; Davis v. Washington, 18 Tex. Civ. App. 67, 43 S. W. 585 (writ of error refused).

Accordingly, all assignments of error are overruled, and the judgment of the trial court establishing and foreclosing plaintiff's mortgage lien as superior to the alleged landlord's lien of the insurance company is affirmed. In all other respects the judgment is left undisturbed.