**WEST DEVELOPMENT CO. et al. v. CROWN BOTTLING CO. et al. (STATE NAT. BANK OF WEST, Intervener).**

No. 1723.

Court of Civil Appeals of Texas. Waco.

Jan. 30, 1936.

Rehearing Denied Feb. 20, 1936.

888

S. J. T. Smith and Munroe & Holt, all of Waco, for appellants.

John B. McNamara, of Waco, and George Kacir, of West, for appellees.

ALEXANDER, Justice.

This suit was brought by the West Development Company, a corporation, against John F. Popp and John B. Dulock, individually, and as partners alleged to be operating under the firm name of Crown Bottling Company, to recover certain rents claimed to be due the plaintiff for the use of a building rented for commercial purposes and to foreclose a landlord's lien on the tenants' property in the building. The receiver of the National Bank of West was made a party defendant. Its successor,. the State National Bank of West, intervened.

Briefly stated, the facts are these: John F. Popp, as sole owner of Crown Bottling Company, leased the building in question from West Development Company by written lease for commercial purposes for a term beginning June. 4, 1931, to May 31,. 1932, at $25 per month. On February 1, 1932, John B. Dulock purchased from Popp an undivided one-half interest in, Crown Bottling Company and became a member of the firm. The lease on the building was. not renewed at the end of the term, but Crown Bottling Company continued to occupy it and to pay rent at $25 per month until July 8, 1932, at which time Dulock sold his interest to one Bridges on credit and reserved a lien on an undivided one-half interest in the fixtures and equipment used by Crown Bottling Company to secure the payment of the unpaid purchase price. At that time the partnership relation between Dulock and Popp was dissolved and Bridges became a member of the firm. The new firm ceased to pay rent on September 1, 1932. On June 1, 1933, West Development Company entered into a verbal contract with Popp as agent for Crown Bottling Company by which the latter was. to be allowed to continue to occupy the building at $12.50 per month, but was to pay $25 per month, one-half of which was. to cover current rent and the balance to be applied to the account for past-due rent. Only one payment of $25 was made under this contract. Crown Bottling Company continued to occupy the building without actually paying any rent until this suit was. filed on August 8, 1934. In the meantime, on March 1, 1933, Popp executed and delivered to said bank a note for borrowed money and secured the same by a lien on his one-half interest in the fixtures and equipment used by Crown Bottling Company. This mortgage was registered forthwith. On September 1, 1933, Bridges, being unable to pay for his one-half interest in the partnership, reconveyed to Dulock an undivided one-half interest in the fixtures and equipment used by Crown Bottling Company in settlement of his indebtedness to Dulock, and on September 13,. 1933, Dulock brought a suit against Popp for a partition of the fixtures and equipment used by said Bottling Company. West Development Company did not file with the county clerk an affidavit covering

its unpaid rent until August 8, 1934. Dulock denied all liability for rent. The bank sought judgment against Popp for its debt and claimed a prior lien on Popp's interest in the fixtures and equipment belonging to Crown Bottling Company.

A trial before the court without a jury resulted in judgment in favor of the bank against Popp, individually, for the debt evidenced by his note, with a foreclosure of its mortgage lien as a first and prior lien on Popp's one-half interest in the fixtures and equipment belonging to the bottling company. The plaintiff recovered a judgment against Popp, individually, for its unpaid rent, with a foreclosure of the landlord's lien as a second lien on Popp's one-half interest in the fixtures and equipment belonging to the bottling company. The plaintiff was denied any judgment against Dulock and was denied a right of foreclosure of its alleged landlord's lien against Dulock's one-half interest in the fixtures and equipment belonging to the bottling company. The West Development Company and Popp have appealed.

The West Development Company complains because the court decreed its landlord's lien to be second and inferior to the lien held by the bank. The bank's chattel mortgage on Popp's interest in the fixtures was executed and registered about March 31, 1933. At that time the West Development Company was entitled to a landlord's lien on Popp's interest in the fixtures used by Crown Bottling Company and situated in the building for the rents due and to become due for at least a part of the current year which ended May 31, 1933. But upon the failure of the landlord to file with the county clerk a sworn statement within six months after said rent became due showing that such rents were unpaid, as required by Revised Statutes, art. 5238, as amended by Acts 1933, c. 112 (Vernon's Ann.Civ.St. art. 5238), the landlord lost its lien as against the bank, said bank having become a creditor of the tenant in the meantime. 27 Tex.Jur. 144; McKesson-Crowdus Drug Co. v. Newman (Tex.Civ.App.) 86 S.W.(2d) 881; In re Toggery Inc. (D.C.) 60 F.(2d) 311; Kokernot-Nixon Properties v. Wright (C.C.A.) 68 F.(2d) 317; Wooten Grocer Co. v. Wade Meat Co. (Tex.Civ.App.) 37 S.W.(2d) 1090, par. 7; Settegast v. Second National Bank (Tex.Sup.) 87 S.W.(2d) 1070. The lien created by the chattel mortgage was superior to the landlord's lien for rents for the contract years beginning after the mortgage was registered. McKeever v. Brooks-Davis Chevrolet Co. (Tex.Civ.App.) 74 S.W.(2d) 311; Radford v. Bacon Securities Co. (Tex.Civ.App.) 18 S.W.(2d) 848, par. 3, and authorities there cited.

Appellant contends that even though it did not file the affidavit provided for by the statute, its claim for past-due rent was superior to the chattel mortgage lien held by the bank because at the time the bank took its lien its officers knew that the tenant was indebted to the landlord for past-due rent. Revised Statutes, art. 5238, as amended, which creates the landlord's lien, provides in part as follows:

"No lien for rent more than six (6) months past due upon any storehouse or other building rented for commercial purposes shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant and/or sub-tenant, unless said statement shall be verified, filed and recorded as above provided."

While the statute provides that in the absence of the filing of the required affidavit by the landlord his lien shall be invalid as to "bona fide purchasers," it does not provide that creditors, in order to be protected against such lien, must be "bona fide." The words "bona fide" modifies purchasers only and not "unsecured or lien creditors." Hence, the fact that the officers of the bank knew that the rents were unpaid at the time the bank took its lien does not alter the case.

Appellants further contend that the relationship between Popp and Dulock was such, even after Dulock's sale to Bridges, as to make Dulock a member of the partnership and liable for the firm's debt for rent. It is undisputed that Dulock sold all his interest in the partnership business to Bridges on July 8, 1932. At that time the partnership relation between Popp and Dulock was dissolved and Bridges became a member of the firm. All rent was paid up to that date. Dulock was not liable for any rents that accrued against the partnership after he ceased to be a member of the firm. The fact that he retained a lien on Bridges' interest in the personal property belonging to the firm did not make him personally liable for the rents owing by the firm.

Dulock's chattel mortgage was promptly registered so that upon the failure of the landlord to file the affidavit provided for in the statute above referred to, the chattel

mortgage lien became superior to the landlord's lien. Bridges' indebtedness to Dulock far exceeds the value of the fixtures and equipment upon which Dulock held a lien so that there was no equity left to secure the landlord's lien.

■ On September 1, 1933, Bridges, for the purpose of canceling his indebtedness to Dulock, reconveyed to Dulock his interest in the personal property belonging to the firm. It should be noted, however, that the reconveyance did not include Bridges' interest in the firm business. It only included the personal property upon which Dulock had retained a lien. Dulock never thereafter asserted any interest in the partnership business. Under these circumstances, he did not again become a member of the firm so as to make him liable for subsequently accruing rents. The fact that Dulock's personal property—that reconveyed to him by Bridges—remained in the building from September 1, 1933, to the time of the filing of the suit in August, 1934, did not render said property liable to the landlord's lien for rent accruing under the contract theretofore made between the landlord and Popp. Under the statute, the landlord's lien attaches to the property of the tenant only and not to the property of others in the possession of the tenant. Needham Piano & Organ Co. v. Hollingsworth (Tex.Civ.App.) 40 S.W. 750; Massachusetts Mutual Life Ins. Co. v. Stockyards National Bank (Tex.Civ.App.) 50 S. W.(2d) 425.

We have carefully considered all assignments and find no reversible error.

The judgment of the trial court is affirmed.