ARTHUR CADDEL CO. v. JONES et al.

No. 5025.

Court of Civil Appeals of Texas. Texarkana.

Dec. 8, 1936.

Rehearing Denied Dec. 17, 1936.

182

A. M. Aikin, Jr., and Elisha Myers, both of Paris, for plaintiff in error.

Hutchison & Fisher, of Paris, for defendants in error.

SELLERS, Justice.

The Arthur Caddel Company, as plaintiff, brought this suit against Mrs. Terrell Jones and her husband to recover upon a certain promissory note executed by Mrs. Jones alone on October 16, 1929, for the sum of $183.55. The petition contains sufficient allegations to sustain cause of action on a note, and in addition thereto it is further alleged: "That the consideration for said note is and was a debt owed to plaintiff by the defendant Mrs. Terrell Jones, at the date of the execution of said note and long prior thereto; that said debt was contracted by the said defendant Mrs. Terrell Jones, prior to the date when she was married to the defendant Terrell Jones, and was at a time when she, the said Mrs. Terrell Jones, was a single woman by the name of Gladys Hutchison and said debt was due and owing to plaintiff for the purchase price of goods and merchandise sold to the defendant Mrs. Terrell Jones by plaintiff at her special instance and request."

The defendants answered by general and special demurrers and plea of coverture. The trial court sustained the demurrer on the theory that no liability of the wife was alleged, since she was a married woman at the time she executed the note and was not joined in the execution of same by her husband. The plaintiff refusing to amend, the case was dismissed by the court, and plaintiff has duly prosecuted an appeal to this court by writ of error.

It is the settled law of this state that marriage does not release the wife of her antenuptial debts. Speer's Marital Rights (3d Ed.) p. 211, § 156; 23 Tex.Jur. p. 176, § 146. Since Mrs. Jones in this case was liable for the debt at the time she executed the note sued upon, it follows, in our opinion, that she should and did have the power to bind herself by the execution of the note in consideration of the debt without the joinder of her husband. 23 Tex.Jur. p. 214, § 178. From this authority we quote: "The contract or renewal or extension of the wife's existing contract or liability is within her power. For in the nature of such transaction it is for the benefit of her separate property. But whether technically beneficial to her or not, it clearly is within her just powers of management and control of her separate property, for such renewal or extension may thus conserve her estate and possibly prevent a loss or sacrifice to her." The case of Sewell v. Walton, 204 S.W. 371, by this court, holds to the contrary. The denial of liability of the wife in this case was upon the theory that the Acts of 1913 (chapter 32) deprived the wife of the power she did have before its passage to bind herself by a contract made by her alone for the benefit of her separate estate. At the time this opinion was delivered, the Supreme Court had not had occasion to construe the act of 1913 with respect to the wife's right to contract alone for the benefit of her separate property. But that court has now definitely settled the question that she has the right to contract alone for the benefit of her separate property. Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923; Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S.W. 694. Therefore the Sewell Case should not be followed, since the Supreme Court has taken a different view of the 1913 act.

If we are correct in our conclusion that the wife was authorized to execute the note alone in renewal of her debt contracted before her marriage, then the petition which declares upon the note and alleges the facts with reference to the debt for which the note was given is, in our opinion, sufficient to state a cause of action against the wife. Nash et ux. v. George, 6 Tex. 234. The court erred in sustaining the demurrer and dismissing the case.

The judgment of the trial court is reversed and the cause remanded.