**FEDERAL DEPOSIT INSURANCE CORPORATION, In Its Corporate Capacity, Appellant,**

v.

**SEARS, ROEBUCK & CO., INC., Appellee.**

No. 08–87–00218–CV.

Court of Appeals of Texas, El Paso.

Jan. 20, 1988.

David B. Dyer, Jenkins & Gilchrist, Dallas, for appellant.

Gloria T. Svanas, Walter A. Locker, III, McMahon, Tidwell, Hansen, & Atkins, P.C., Odessa, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a judgment following a jury trial but the issues appealed were decided from stipulated facts. The trial court ruled Sears' statutory landlord's lien was superior to the Federal Deposit Insurance Corporation's (FDIC's) security interest perfected under Tex.Bus. & Com. Code, ch. 9, sec. 9.101 et. seq. (Vernon Supp.1988). We reverse and render.

From the stipulated facts, it appears that on September 17, 1981, Sears agreed to sublease property to Auto Value Parts Distributors, Inc. The lease partially commenced October 15, 1981, fully commenced October 31, 1981, and was to terminate October 31, 1986. The last rental payment made was for the month ending January 31, 1984. Landlord lien affidavits were filed by Sears on September 26, 1984; April 10, 1985; July 24, 1985; and May 5, 1986. The FDIC was successor in interest to the National Bank of Odessa. On November 1, 1982, Auto Value borrowed $379,100.00 from the bank signing a promissory note. On November 12, 1982, Auto Value signed three security agreements granting security interests to the bank on current and after-acquired inventory, accounts receivable and equipment. On December 20, 1982, two security agreements were signed granting a security interest in current and after-acquired accounts receivable and inventory. On July 22, 1983, Auto Value borrowed $19,000.00 executing two security agreements on inventory and accounts receivable then owned or after-acquired. Uniform Commercial Code (UCC-1) financing statements were filed with the Texas Secretary of State.

Point of Error No. One urges the court erred in finding the statutory landlord's lien superior to Appellant's perfected security interest. Point of Error No. Two makes essentially the same argument. These points will be discussed together.

Tex.Prop.Code Ann. sec. 54.021 (Vernon Supp.1988) provides for a landlord's lien for lessors of nonresidential property, as follows:

> A person who leases or rents all or part of a building for nonresidential use has a preference lien on the property of the tenant or subtenant in the building for rent that is due and for rent that is to become due during the current 12–month period succeeding the date of the beginning of the rental agreement or an anniversary of that date.

This section has been interpreted to provide a preference lien to a landlord for rent that is due and for rent that is to become due during the current twelve-month period succeeding the date of the beginning of the lease or an anniversary of that date. The statute effectively divides a lease contract "as far as the lien is concerned, into a series of yearly contracts, ...." *Allen v. Brunner*, 75 S.W. 821, 822 (Tex.Civ.App. 1903, no writ). Each year of the contract is viewed separately. At the beginning of each contract year, if a UCC financing statement has been filed during the previous year, it then becomes superior to the landlord's lien.

*Bank of North America v. Kruger*, 551 S.W.2d 63 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.), is directly on point. The court found the statutory land-

lord's lien superior to any security interest perfected during the same year. Kruger defaulted after the contract year (the first year of the lease) in which the bank perfected its security agreement. The court held the bank security interest was superior to the landlord's lien. Analogizing Kruger to the facts presently before us, the contract year would have been October 31, 1981, to October 31, 1982. The bank perfected in 1982. Auto Value defaulted in January 1984. Therefore, the bank's security interest is superior to Sears' landlord lien.

Sears relies on *Associates Financial Services of Texas, Inc. v. Solomon*, 523 S.W.2d 722 (Tex.Civ.App.—Waco 1975, no writ). This case is distinguishable by looking at when default occurred. In *Solomon*, the default occurred during the first year. Thus, the landlord's lien was superior. In *Kruger* and in the case at bar, default occurred after the contract year had expired. Thus, the bank's (now FDIC's) security interest became superior. Points of Error Nos. One and Two are sustained.

Point of Error No. Three asserting error because of Appellee's failure to foreclose on its landlord's lien within the time required need not be reached in view of our prior determination.

We reverse the judgment of the trial court and render judgment for Appellant.